IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

  vs.                               Cr. No. 07-788 JEC

PHILLIP ANGEL GARCIA,

      Defendant.

## MR. GARCIA'S MOTION TO CORRECT SENTENCE
## PURSUANT TO 28 U.S.C. § 2255

Defendant-movant Phillip Angel Garcia, through counsel, moves this court, pursuant to 28 U.S.C. § 2255, to expeditiously vacate his sentence of 188 months imposed under the Armed Career Criminal Act ("ACCA"), schedule resentencing for a date that is in the very near future and impose a sentence of no more than ten years in prison. The Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), renders the ACCA inapplicable to Mr. Garcia, limiting his sentence to a maximum of ten years, which he is very close to having already served.

### INTRODUCTION

This court found the ACCA governed Mr. Garcia's sentence based on application of the ACCA's residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) that the Supreme Court has held to be unconstitutionally vague in *Johnson*. To support the ACCA sentence, this court relied on Mr. Garcia's conviction for arson, his conviction for residential burglary and his conviction for possession of a deadly weapon by a prisoner. This court considered the latter conviction to be a conviction for a "violent felony" under the ACCA solely on the grounds that it fit within the unconstitutional residual clause under *United States v. Romero*, 122 F.3d 1334, 1340-41 (10th

Cir. 1997).

As the Department of Justice has consistently argued, *Johnson* applies retroactively in § 2255 proceedings.  This is so because *Johnson* established a new "substantive" rule that "prohibit[s] a certain category of punishment," a minimum sentence of fifteen years, "for a class of defendants," like Mr. Garcia, whose ACCA sentences depend on the ACCA's residual clause. *See Montgomery v. Louisiana*, 136 S. Ct. 718, 728 (2016) (quoting *Penry v. Lynaugh*, 492 U.S. 302, 330 (1989)).  *Johnson* therefore requires vacating Mr. Garcia's ACCA sentence.

Without the ACCA, this court may impose a maximum sentence of ten years.  Mr. Garcia is close to having already served a ten year sentence given his receipt of good time. Consequently, this court should promptly vacate his illegal sentence, schedule resentencing for a date that is in the very near future and impose a sentence of no more than ten years in prison.

## STATEMENT OF THE FACTS

On December 13, 2007, pursuant to a plea agreement, Mr. Garcia pleaded guilty to the one-count indictment charging him with possessing a firearm and ammunition after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).  (Document ('Doc.") 12; Doc. 41). In the presentence report, the probation office concluded Mr. Garcia was subject to the ACCA. (Presentence Report ("PSR") ¶¶ 12,24).  Ordinarily, a § 922(g) conviction carries a ten-year maximum sentence.  18 U.S.C. § 924(a)(2).  But, under the ACCA, a person who violates § 922(g)(1) must serve at least fifteen years in prison if he has previously been convicted of three "violent felonies."  18 U.S.C. § 924(e)(1).  Prior to *Johnson*, a "violent felony" included a felony offense that "is burglary, arson, or extortion or involves use of explosives or otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. §

2

924(e)(2)(B)(ii).  The clause beginning with otherwise is known as the residual clause.  The probation office determined that three of Mr. Garcia's New Mexico convictions qualified as "violent felonies": his 1997 arson conviction; his 1998 burglary conviction; and his 1999 conviction for possession of a deadly weapon by a prisoner in violation of N.M. Stat. Ann. § 30-22-16.  (PSR ¶¶ 12, 24, 30-32).

To justify characterizing the deadly weapon offense as a violent felony, the probation office cited *Romero*.  (PSR ¶ 24).  In *Romero*, the Tenth Circuit held the federal offense of conveying a weapon in prison was a "violent felony" solely by virtue of the ACCA's residual clause.  122 F.3d at 1339-40.  Neither party objected to the presentence report's findings.

The government filed a notice claiming Mr. Garcia had four convictions for "violent felonies."  To the three convictions upon which the probation office relied, the government added a 1997 New Mexico third-degree robbery conviction.  (Doc. 40; Doc. 40-1; Doc. 40-4; PSR ¶ 30).  The court never adopted the government's claims.  Instead it adopted the presentence report's findings.  (Doc. 70 (Sentencing Hearing Transcript) at 5; Statement of Reasons at 1).  The government never objected to the court's failure to rely on the robbery conviction as an ACCA predicate.  The court found Mr. Garcia was subject to the ACCA based on the presentence report.  (Doc. 70 at 5).  The court sentenced him to the low end of the guideline range, 188 months.  (Doc. 61 at 2; Doc. 70 at 6).

Mr. Garcia has been continuously in federal custody since April 17, 2007.  (PSR ¶ 6).  He has not previously filed a motion pursuant to 28 U.S.C. § 2255.  The Bureau of Prisons projects his release date as March 3, 2021, assuming he receives all possible good time credit.  This means Mr. Garcia will serve the equivalent of a ten year prison term, given receipt of good time

credit, by September or October of this year.

On June 26, 2015, the Supreme Court held in *Johnson* that the residual clause was unconstitutionally vague and therefore increasing a defendant's sentence under the clause denies due process of law in all cases.  135 S. Ct. at 2556-63.  Because of *Johnson,* Mr. Garcia's ACCA sentence is invalid.  He is entitled to the vacating of his ACCA sentence.

## ARGUMENT

**This court should expeditiously grant Mr. Garcia's § 2255 motion, vacate his sentence of 188 months imposed under the ACCA, schedule resentencing for a date that is in the very near future and impose a sentence of no more than ten years in prison, because the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), renders the ACCA inapplicable to Mr. Garcia, limiting his sentence to a maximum of ten years, which he has almost already completely served.**

**A.** *The Supreme Court decided in* Johnson *that increasing a defendant's sentence pursuant to the ACCA's residual clause violates due process of law in all cases.*

As discussed under the Statement of Facts, the ACCA increases the punishment for a violator of 18 U.S.C. § 922(g), from a ten-year-imprisonment maximum sentence, *see* 18 U.S.C. § 924(a)(2), to a mandatory minimum of fifteen years in prison if the offender has previously been convicted of three "violent felonies."  18 U.S.C. § 924(e)(1).  An adult felony offense is a "violent felony" if it satisfies one of two provisions.  The first provision requires the offense to have "as an element the use, attempted use, or threatened use of physical force against the person of another."  18 U.S.C. § 924(e)(2)(B)(i).  The second provision applies if the offense "is burglary, arson, or extortion or involves use of explosives or otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).  The "otherwise" portion of the second provision is known as the residual clause.

In *Johnson*, the Supreme Court held the ACCA's residual clause is unconstitutionally

4

vague due to two of its features.  First, "the residual clause leaves grave uncertainty about how to estimate the risk posed by a crime."  135 S. Ct. at 2557.  The clause "ties the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real world facts or statutory elements" yet offers no guidance as to how "one go[es] about deciding what kind of conduct the 'ordinary case' of a crime involves."  *Id.*

Second, "the residual clause leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony."  *Id.* at 2558.  The amount of risk must be interpreted "in light of the four enumerated crimes—burglary, arson, extortion and crimes involving the use of explosives"—which are themselves "far from clear in respect to the degree of risk each poses." *Id.* (quoting *Begay v. United States*, 553 U.S. 137, 143 (2008)).

For these reasons, the Supreme Court held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process."  *Id.* at 2563. This is true in all circumstances.  The Court made clear it did not matter if a particular offense obviously poses a serious potential risk of physical injury to another.  Applying the ACCA's residual clause, based on such an offense, to increase a defendant's sentence violates due process in all instances.  *Id.* at 2560-61; *United States v. Snyder*, 793 F.3d 1241, 1246 (10th Cir. 2015) ("applying the residual clause violates due process in all instances").

**B.**  *As the government has conceded,* Johnson *established a new substantive rule that applies retroactively in § 2255 proceedings.*

Under the Supreme Court's framework for retroactivity established in *Teague v. Lane*, 489 U.S. 288 (1989), and its progeny, courts must give retroactive effect in federal habeas proceedings to new substantive rules.  *Montgomery*, 136 S. Ct. at 728.  The *Johnson* holding is

new and substantive.

A rule is new if the case announcing it explicitly overrules an earlier holding. *Saffle v. Parks*, 494 U.S. 484, 488 (1990). The Court in *Johnson* explicitly overruled contrary holdings in *James v. United States*, 550 U.S. 192, 210, n. 6 (2007), and *Sykes v. United States*, 564 U.S. 1, 15-16 (2011). *Johnson*, 135 S. Ct. at 2563. So *Johnson* announced a rule that is new. *Price v. United States*, 795 F.3d 731, 732 (7th Cir. 2015) ("*Johnson* announced a new rule").

A rule is substantive when it "prohibit[s] a certain category of punishment for a class of defendants because of their status or offense." *Montgomery*, 136 S. Ct. at 728 (quoting *Penry*, 492 U.S. at 330); *see also Schriro v. Summerlin*, 542 U.S. 348, 353 (2004) (a new rule is substantive "if it alters the . . . class of persons that the law punishes"). "Such rules apply retroactively because they necessarily carry a significant risk that a defendant . . . faces a punishment that the law cannot impose upon him." *Schriro*, 542 U.S. at 352. "There is no grandfather clause that permits [the government] to enforce punishments the Constitution forbids." *Montgomery*, 136 S. Ct. at 731. *Johnson*'s invalidation of the ACCA's residual clause fits the substantive-rule definition. Under *Johnson*, due process bars the imposition of an ACCA sentence on prisoners whose classification as an armed career criminal depends on the residual clause. 135 S. Ct. at 2563.

The *Johnson* holding is like the holding in *Miller v. Alabama*, 132 S. Ct. 2455 (2012), which the Supreme Court held in *Montgomery* was a substantive rule that must be applied retroactively. In *Miller*, the Court held that mandatory life without parole for juvenile homicide offenders violates the Eighth Amendment's prohibition against cruel and unusual punishment. 132 S. Ct. at 2460. *Miller* required sentencing courts to consider a child's "diminished

6

culpability and heightened capacity for change" before condemning him or her to die in prison. *Id.* at 2469. *Miller* did not foreclose a life sentence without parole for a juvenile, but the Court explained that a lifetime in prison was a disproportionate sentence for all but the rarest of children, those whose crimes reflect "irreparable corruption." *Id.* (quoting *Roper v. Simmons*, 543 U.S. 551, 573 (2005)). In *Montgomery*, the Court described *Miller*'s holding as "render[ing] life without parole an unconstitutional penalty for a 'class of defendants because of their status'—that is, juvenile offenders whose crimes reflect the transient immaturity of youth." *Montgomery*, 136 S. Ct. at 734 (quoting *Penry*, 492 U.S. at 330). Accordingly, the Court concluded, *Miller* announced a substantive rule that is retroactive. *Id.*

An even stronger case can be made that *Johnson* announced a substantive rule that this court must apply retroactively. *Johnson* held it violates due process to impose at least fifteen years in prison, rather than at most a ten-year prison term, on all defendants whose classification as armed career criminals depends on the residual clause. 135 S. Ct. at 2563. Like *Miller*, *Johnson* rendered unconstitutional a certain penalty for a class of defendants due to their status. Under *Montgomery*, *Johnson* is a retroactively applicable substantive rule.

The way circuit courts, including the Tenth Circuit, treat Supreme Court decisions that have limited the scope of the ACCA's residual clause further bolsters that determination. For example, in *Chambers v. United States*, 555 U.S. 122 (2009), the Supreme Court held that escape involving a failure to report for penal confinement was not an ACCA "violent felony" because it did not fit within the ACCA's residual clause. *Id.* at 126-30. The Tenth Circuit held in *United States v. Shipp*, 589 F.3d 1084 (10th Cir. 2009), that *Chambers* established a substantive rule that applied retroactively in a § 2255 proceeding. *Shipp*, 589 F.3d at 1090-91. The Tenth Circuit

7

held *Chambers* fell within the category of substantive decisions that prohibit a certain category of punishment for a class of defendants because of their status. *Shipp*, 589 F.3d at 1090. Imposing a sentence beyond the ten-year maximum under the ACCA in contravention of *Chambers* would violate the defendant's due process rights, the Tenth Circuit found. *Shipp*, 589 F.3d at 1091. Consequently, the Tenth Circuit applied *Chambers* retroactively to the defendant, ordering the district court to resentence the defendant without the armed career criminal classification. Other circuits have also applied *Chambers* retroactively for the same reasons. *See Narvaez v. United States*, 674 F.3d 621, 629 (7th Cir. 2011); *McCarthan v. Warden, FCI Estill*, 811 F.3d 1237, 1246 (11th Cir 2016).

Circuit courts have reached the same conclusion with respect to *Begay v. United States*, 553 U.S. 137 (2008). In *Begay*, the Supreme Court limited the reach of the ACCA's residual clause to offenses that were similar in risk and kind to the enumerated offenses that precede the clause. *Id.* at 142-48. It specifically held driving while intoxicated fell outside the clause's scope. *Id.* at 148. Several circuit courts have held the *Begay* holding is substantive and applicable retroactively because it substantially narrowed the exposure of the defendants to a prison sentence, from a minimum of fifteen years to at most ten years in prison. *United States v. Doe*, 810 F.3d 132, 154, n. 13 (3rd Cir. 2015); *Bryant v. Warden*, 738 F.3d 1253, 1276 (11th Cir. 2013); *Jones v. United States*, 689 F.3d 621, 624-26 (6th Cir. 2012); *Sun Bear v. United States*, 644 F.3d 700, 703 (8th Cir. 2011); *Welch v. United States*, 604 F.3d 408, 415 (7th Cir. 2010).

The logic of these cases applies even more forcefully to *Johnson*. *Johnson* did not just narrow the residual clause's scope as *Chambers* and *Begay* did, it eliminated the clause altogether. Under *Johnson*, an ACCA sentence based on the residual clause is beyond the power

of the federal courts to impose. Clearly then *Johnson* is a substantive rule that federal courts must employ retroactively. A number of circuit courts have come to that conclusion. *See In re Watkins*, 810 F.3d 375, 382-83 (6th Cir. 2015); *In re Rivero*, 797 F.3d 986, 989 (11th Cir. 2015); *Price v. United States*, 795 F.3d 731, 734 (7th Cir. 2015).

The government has arrived at the same conclusion as well. In *Welch v. United States*, 136 S. Ct. 790 (2016), the Supreme Court has granted certiorari to address the question whether *Johnson* applies retroactively in a § 2255 proceeding. In that case, the Solicitor General has argued for the position that *Johnson* applies retroactively. Brief for the United States, *Welch v. United States*, No. 15-6418, *available at*, http://www. scotusblog.com/case-files/cases/welch-v-united-states-2/?wpmp_switcher=desktop (click on "Brief of respondent United States filed").

In sum, the principle that substantive rules must be applied retroactively, the well-established precedent of the Supreme Court and the circuit courts, including the Tenth Circuit, logic and the government's position all require the determination that this court must apply *Johnson* retroactively to Mr. Garcia's case in this § 2255 proceeding.

**C.** *Teague*'s *retroactivity bar does not apply to collateral challenges to federal sentences.*

*Teague* established a general bar against federal courts retroactively applying new constitutional rules against states in order to accommodate the "interests of comity and finality." 489 U.S. at 308. Those considerations, which must "be considered in determining the proper scope of habeas review," *id.*, do not justify applying a bar against retroactive application of new constitutional challenges to federal sentences. Collateral challenges to federal, as opposed to state, judgments do not implicate comity and federalism, and finality is much less of a concern

9

where a prisoner challenges a sentence, rather than a conviction.  *See United States v. Morgan*, ___ F. App'x ___, 2015 WL 6773933, at * 30, n. 4 (10th Cir. Nov. 16, 2015) (Holmes, J., concurring) (agreeing with *Note, More than a Formality: The Case for Meaningful Substantive Reasonableness Review*, 127 Harv. L. Rev. 951, 958 (2014), that courts "should recognize that remanding for resentencing is not a very costly remedy, as sentencing hearings are relatively short, discrete affairs"); *United States v. Williams*, 399 F.3d 450, 456 (2d Cir. 2005) ("[T]he cost of correcting a sentencing error is far less than the cost of a retrial").

The Tenth Circuit has held en banc that "*Teague*'s nonretroactivity doctrine applies equally to habeas petitions brought under [28 U.S.C. §] 2254 [challenging state convictions and sentences] and 2255."  *Daniels v. United States*, 254 F.3d 1180, 1193-94 (10th Cir. 2001) (en banc).  To the extent that holding conflicts with Mr. Garcia's position under this subsection, Mr. Garcia raises the issue to preserve it for possible consideration by the Supreme Court, which has yet to decide the question.

**D.** *Mr. Garcia has timely filed his § 2255 motion within the statute of limitations.*

A § 2255 motion is timely if it is filed within a year of "the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255(f)(3).  For timeliness purposes under § 2255(f)(3), a district court or appellate court, not just the Supreme Court, may make retroactive a right initially recognized by the Supreme Court.  *United States v. Thomas*, 627 F.3d 534, 536-37 (4th Cir. 2010) (noting every circuit to consider the issue has held that a court other than the Supreme Court can make the retroactivity decision for purposes of § 2255(f)(3)); *Wiegand v. United States,* 380 F.3d 890, 892 (6th Cir.2004); *Dodd v. United States,* 365 F.3d 1273, 1278 (11th

Cir.2004), *aff'd* 545 U.S. 353 (2005); *United States v. Swinton,* 333 F.3d 481, 486, 487 (3d

Cir.2003); *Fischer v. United States,* 285 F.3d 596, 599-600 (7th Cir.2002); *United States v.*

*Lopez,* 248 F.3d 427, 432 (5th Cir.2001).

The Supreme Court decided *Johnson* on June 26, 2015.  Mr. Garcia has filed his claim

within a year of that date.  As demonstrated above, *Johnson* is retroactively applicable to cases

on collateral review, including this case.  Mr. Garcia's § 2255 motion is timely.

**E.** *Mr. Garcia's claim is cognizable in a § 2255 proceeding.*

Under 28 U.S.C. § 2255(a), a prisoner may move to vacate his sentence if his "sentence

was imposed in violation of the Constitution or laws of the United States, . . . , or that the

sentence was in excess of the maximum authorized by law."  Mr. Garcia contends that under

*Johnson* his sentence is in violation of the United States Constitution, and the ACCA and in

excess of the ten-year maximum authorized by 18 U.S.C. § 924(a)(2).  His claim is therefore

cognizable under § 2255.

As Mr. Garcia will demonstrate below, Mr. Garcia is serving a sentence that, under

*Johnson*, is founded on an unconstitutionally vague provision, the ACCA's residual clause.

Absent the unconstitutional residual clause, the ACCA does not authorize Mr. Garcia's more-

than-fifteen-year sentence.  That sentence is well above the authorized ten-year maximum.

"Such circumstances 'where a change in law reduces the defendant's statutory maximum

sentence below the imposed sentence, have long been cognizable on collateral review.'" *United*

*States v. Newbold*, 791 F.3d 455, 460 (4th Cir. 2015) (quoting *Welch*, 604 F.3d at 412-13 (7th

Cir.)).  The Tenth Circuit applied this principle in *Shipp* when it accorded § 2255 relief to a

defendant whose ACCA sentence *Chambers* abrogated, concluding the defendant had "received a

punishment that the law cannot impose upon him" in contravention of due process. 589 F.3d at 1091. In this case, *Johnson* worked a change in law that reduced Mr. Garcia's statutory maximum sentence way below the 188-month sentence he received. Consequently, § 2255 offers Mr Garcia an avenue of collateral relief.

     **E.** *Under* Johnson*, Mr. Garcia's sentence is above the authorized maximum and violates due process.*

     As explained above, the Supreme Court held in *Johnson* that imposing an increased sentence under the ACCA's residual clause violates due process. 135 S. Ct. at 2563. That is what happened in Mr. Garcia's case. The probation office, whose findings the district court adopted, (Doc. 70 at 5; Statement of Reasons at 1), determined that three of Mr. Garcia's New Mexico convictions qualified as "violent felonies" under the ACCA: his 1997 arson conviction; his 1998 burglary conviction; and his 1999 New Mexico conviction for possession of a deadly weapon by a prisoner. (PSR ¶¶ 12, 24, 30-32). The probation office cited *United States v. Romero*, 122 F.3d 1334, 1340-41 (10th Cir. 1997), as authority for the proposition that Mr. Garcia's deadly-weapon-possession offense was a "violent felony." (PSR ¶ 24). In *Romero*, the Tenth Circuit held the federal offense of conveying a weapon in prison was a "violent felony" solely by virtue of the ACCA's residual clause. 122 F.3d at 1339-40.

     Mr. Garcia's violation of N.M. Stat. Ann. § 30-22-16 does not meet the criteria for either of the two non-residual-clause categories of "violent felony." The elements of that offense are: the defendant was a prisoner; while a prisoner, the defendant was in possession of a deadly weapon, which is a weapon capable of producing death or great bodily harm; this happened in New Mexico on a certain date. N.M. Stat. Ann. § 30-22-16 ("Possession of deadly weapon . . .

by prisoner in lawful custody consists of any inmate of a penal institution, reformatory, jail or prison farm or ranch possessing any deadly weapon."; NMRA Crim. UJI 14-2254 (describing the elements of § 30-22-16); N.M. Stat. Ann. 30-1-12((B) (defining "deadly weapon").

First, the offense does not have "as an element the use, attempted use, or threatened use of physical force against the person of another." *See* 18 U.S.C. § 924(e)(2)(B)(i). The offense includes only possession, not use of force, as an element. *See United States v. Brooks*, 468 F. App'x 623, 627 (7th Cir. 2012) (possession of a deadly weapon with intent to employ it during an escape does not meet the elements criteria of 18 U.S.C. § 924(e)(2)(B)(i)); *United States v. Nagy*, ___ F. Supp. 3d ___, 2015 WL 6870120, at ** 4-5 (N.D. Ohio Nov. 6, 2015) (deadly-weapon-possession offense that does not require display or threatened use of the deadly weapon does not fall within 18 U.S.C. § 924(e)(2)(B)(i)); *see also United States v. Willis*, 795 F.3d 986, 996 (9th Cir. 2015) (possession of a deadly weapon with the intent to use it unlawfully against another did not satisfy the use-of-physical-force provision of USSG § 4B1.2(a)(1), which has the identical language of 18 U.S.C. § 924(e)(2)(B)(i)); *United States v. Marquez*, 626 F.3d 214, 216 (5th Cir. 2010) (parties agree N.M. Stat. Ann. § 30-22-16 is not a " crime of violence" under USSG § 4B.12(a) unless it falls within the residual clause).

Second, a § 30-22-16 violation does not constitute any of the enumerated offenses listed in 18 U.S.C. § 924(e)(2)(B)(ii). It is not burglary, arson or extortion and does not involve use of explosives. *See Brooks*, 468 F. App'x at 627 (deadly-weapon-possession offense is not a § 924(e)(2)(B)(ii) enumerated offense).

Thus, Mr. Garcia's § 30-22-16 offense depended on the residual clause in order to qualify as a "violent felony," as indicated by the Tenth Circuit's decision in *Romero*, 122 F.3d at 1339-

40 and the probation office's reference to *Romero* in the presentence report, (PSR ¶ 24).  Now that the residual clause is defunct under *Johnson*, Mr. Garcia's conviction for possession of a deadly weapon is not a "violent felony."  Mr. Garcia only has at most two, not three, previous convictions for "violent felonies" that the district court relied on.  He is therefore not subject to the ACCA.  *See United States v. Snyder*, 793 F.3d 1241, 1245-46 (10th Cir. 2015) (district court violated due process under *Johnson* when it imposed an ACCA sentence where one of the three convictions upon which the court relied for the ACCA sentence depended upon the residual clause for ACCA eligibility); *United States v. Nelson*, ___ F.3d ___, 2015 WL 9583914, at * 1 (11th Cir. Dec 30, 2015) (similar); *United States v. Hornyak*, 805 F.3d 196, 199-200 (5th Cir. 2015) (similar holding on plain error review); *United States v. Franklin*, 622 F. App'x 501, 514 (6th Cir. 2015) (similar to *Snyder* where all the qualifying convictions satisfied only the residual clause).

Because Mr. Garcia is serving a sentence that is founded on an unconstitutionally vague provision, the ACCA does not authorize Mr. Garcia's more-than-fifteen-year sentence and his sentence is well above the authorized ten-year maximum, he is entitled to § 2255 relief, i.e., vacation of his sentence and a new sentence no greater than ten years in prison.  *See Lucas v. United States*, ___ F. Supp. 3d ___, 2016 WL 552471, at ** 2-4 (D.S.D. Feb. 10, 2016) (granting § 2255 relief and immediate release because, due to *Johnson*, convictions that previously supported ACCA sentence by virtue of the residual clause no longer qualified as "violent felony" convictions under the ACCA); *United States v. Mayer*, ___ F. Supp. 3d ___, 2016 WL 520967, at **1-2, 5, 12-13 (D. Or. Feb. 5, 2016) (same result due to one conviction that was not an ACCA predicate after *Johnson); United States v. Hines*, ___ F. Supp. 3d ___, 2015 WL

8668222, at ** 1-4 (E.D. Wash. Dec. 11, 2015) (same); *Nagy*, 2015 WL 6870120, at ** 2-5

(under *Johnson* granting § 2255 relief, vacating sentence and setting de novo sentencing where

four of six previously ACCA-qualifying convictions depended on the residual clause).

  **F.** *The government cannot show Mr. Garcia's New Mexico third-degree robbery conviction renders the* Johnson *violation harmless because this court did not consider it as an ACCA predicate felony at the original sentencing and should not now and, in any event, New Mexico third-degree robbery does not qualify as a predicate offense under any non-residual-clause ACCA provision, given the minimal force required for that offense.*

  The government has the burden to prove a claim cognizable under § 2255 to be harmless

in order to avoid the according of relief.  To preserve the issue for review by the Tenth Circuit en

banc or the Supreme Court, Mr. Garcia contends the government has the burden to prove the

unconstitutional *Johnson* error harmless beyond a reasonable doubt.  *See Monsanto v. United*

*States*, 348 F.3d 345, 349-51 & n. 6 (2d Cir. 2003) (applying harmless-error-beyond-a-

reasonable-doubt standard in § 2255 case); *Lanier v. United States*, 220 F.3d 833, 839 (7th Cir.

2000) (same).  The Supreme Court has yet to address the matter.  *See United States v. Smith*, 723

F.3d 510, 516 (4th Cir. 2013) (noting that fact).  But the Tenth Circuit has held that the

appropriate inquiry in a § 2255 proceeding is whether the error "had [a] substantial and injurious

effect or influence" on the outcome.  *United States v. Dago*, 441 F.3d 1238, 1245-46 (10th Cir.

2006) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993))[1].  The burden is on the

government to prove the error does not meet that standard.  *O'Neal v. McAnanich*, 513 U.S. 432,

437-45 (1995) (court must grant habeas relief when there is grave doubt whether the *Brecht*

harmless-error standard has been met).

---

  [1] Obviously this court must follow *Dago*.  Mr. Garcia raises this issue to preserve it for possible review by the Tenth Circuit en banc or by the Supreme Court.

There are two reasons why the government cannot meet its harmless-error burden by virtue of Mr. Garcia's New Mexico third-degree robbery conviction, (Doc. 40-1; Doc. 40-4; PSR ¶ 30). First, this court did not impose the ACCA sentence based on that conviction. The court adopted the presentence report, (Doc. 70 at 5; Statement of Reasons at 1), which, for its finding of ACCA eligibility, relied solely on Mr. Garcia's arson, burglary and deadly-weapon convictions, not the robbery conviction, (PSR ¶ 24). While the government filed a notice indicating its opinion that the robbery conviction was also a conviction for a "violent felony" without explaining why, (Doc. 40), it never objected to the presentence report's ACCA analysis or the district court's adoption of that analysis. Under those circumstances, this court should not now consider a new way for Mr. Garcia to qualify for ACCA punishment.

"If the government fails to object to the district court's decision to rely on fewer than all ACCA-qualifying convictions, it waives any argument that a sentencing court's imposition of an ACCA enhancement is justified on the basis of an ACCA-qualifying conviction that the district court could have, but did not, rely on at sentencing." *McCarthan*, 811 F.3d at 1250, n. 8. In that situation, the government may not substitute a new predicate offense for an invalid predicate offense for the first time on appeal or in a petitioner's collateral attack on the ACCA enhancement. *Id.* Consequently, in this case, because the government failed to object to this court's decision to rely for its ACCA eligibility determination on convictions other than the robbery conviction, the government has waived any contention that the robbery conviction should be swapped for the invalid deadly-weapon-possession predicate.

Second, New Mexico third-degree robbery does not satisfy the criteria for either of the two non-residual-clause categories of "violent felony." The government has the burden to show

that it does to justify an ACCA enhancement. *See United States v. Delossantos*, 680 F.3d 1217, 1219 (10th Cir.2012) (government bears the burden to prove a defendant is subject to the ACCA). New Mexico third-degree robbery obviously is not burglary, arson or extortion or involve the use of explosives. *See* 18 U.S.C. § 924(e)(2)(B)(ii).

It also does not have "as an element the use, attempted use, or threatened use of physical force against the person of another." *See* 18 U.S.C. § 924(e)(2)(B)(i). To commit third-degree robbery, the offender need only use or threaten to use minimal force. The Supreme Court has defined "physical force" in § 924(e)(2)(B)(i) as "strong physical force," "a substantial degree of force," "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original). Thus, Mr. Garcia's robbery offense does not require sufficient force to fall within ACCA's "physical force" clause.

In determining whether an offense qualifies as a "violent felony" under the "physical force" clause, sentencing courts must employ the categorical approach. *United States v. Ramon Silva*, 608 F.3d 663, 669 (10th Cir. 2010). That approach mandates that courts "'look only to the statutory definitions'—i.e., the elements—of a defendant's prior offenses, and *not* 'to the particular facts underlying those convictions.'" *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013) (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990)) (emphasis in original). Also under that approach, courts presume the defendant's conviction rested upon nothing "more than the least of [the] acts" criminalized by the relevant statutory provision. *Johnson*, 559 U.S. at 137; *de Leon v. Lynch*, 808 F.3d 1224, 1230 (10th Cir. 2015).

The Supreme Court determined the meaning of "physical force" in the 2010 *Johnson*

17

case.  In that case, the Court addressed whether a violation of Florida's battery statute satisfied

the "physical force" clause.  That statute required only any intentional physical contact, no matter

how slight.  559 U.S. at 138.  The Court held such a minimal touching did not constitute

"physical force" under § 924(e)(2)(B)(i).  *Id.* at 145.  "Physical force" in the ACCA "violent

felony" context, the Court explained, means "*violent* force—that is, force capable of causing

physical pain or injury to another person."  *Id.* at 140; *id.* at 138-45.  Obviously, the slightest

physical contact did not come near to matching that definition.

　　　　Mr. Garcia's New Mexico third-degree robbery offense presents a virtually identical

situation.  N.M. Stat. Ann. § 30-16-2 defines third degree robbery as "the theft of anything of

value from the person of another or from the immediate control of another by use or threatened

use of force or violence."  *See also* NMRA UJI 14-1620.  Under New Mexico law, to constitute

robbery the use or threatened use of force must be the lever that separates the thing of value from

the victim.  *State v. Martinez*, 513 P.2d 402, 402 (N.M. App. 1973).  "The amount or degree of

force is not the determinative factor."  *Id.* at 403.  "[T]he amount of force is immaterial."  NMRA

UJI 14-1620, committee commentary.  The force just has to be enough to overcome the

"resistance of attachment."  *State v. Curley*, 939 P.2d 1103, 1105 (N.M. App. 1997).

　　　　Examples of sufficient force for New Mexico robbery include: snatching an article, such

as a pin, that is so attached to a person's clothes as to require some force to remove it, *id.* at

1106; the pickpocket or his or her confederate "jostling" the owner for the purpose of diverting

the owner's attention, *id., Martinez*, 513 P.2d at 403, *State v. Segura*, 472 P.2d 387, 387-88

(N.M. App. 1970), *United States v. Reynolds*, 20 M.J. 118, 120 (C.M.A. 1985) (citing *Segura* for

that proposition); grabbing the owner's purse and taking it after a struggle when the purse strap

breaks, *State v. Verdugo*, 164 P.3d 966, 974 (N.M. App. 2007); grabbing the victim and locking

her in a cell, *State v. Pitts*, 700 P.2d 650, 652-53 (N.M. App. 1985); shoving the person's

shoulder, *Curley*, 939 P.2d at 1104, 1107; *see also* 4 Charles E. Torcia, *Wharton's Criminal Law*

(15th ed. 1996) (cited with approval as describing the majority rule New Mexico has adopted by

*Curley*, 939 P.2d at 1105); *id.,* § 464, n. 81 ("it is . . . robbery to pick a person's pocket . . . while

jostling . . . him" (citing *Snyder v. Commonwealth*, 58 SW 422, 422 (Ky. App. 1900)); *id.*, n. 82

(same conclusion for "pushing" (citing *Seymour v. State*, 15 Ind. 288, 290 (1860)); *id.*, n. 83

(citing *Mahoney v. People*, 48 How. Pr. 185, 189-90 (1874) (it is robbery when force is used to

divert the victim's attention, "whether the force gave pain or not," as long as it accomplished the

theft), *aff'd* 59 NY 659 (1875)).

It is apparent then that the least amount of force necessary to commit New Mexico

robbery in the third degree is less than the "physical force" to which § 924(e)(2)(B)(i) refers, that

is, "strong physical force," "a substantial degree of force," "*violent* force—that is, force capable

of causing physical pain or injury to another person."  *Johnson*, 559 U.S. at 140 (emphasis in

original).  The Ninth Circuit's opinion in *United States v. Dominguez-Maroyoqui*, 748 F.3d 918

(9th Cir. 2014), illustrates this point.  In that case, the court found that bumping a person, jolting

the arm and shoulder of the person, grabbing the person's jacket or spitting in the person's face

does not rise to the level of *Johnson*'s "physical force."  *Id.* at 921; *see also United States v.

Montes-Flores*,  736 F.3d 357, 368 (4th Cir. 2013) (stranger embracing a young lady or a large

man fondling a child does not constitute *Johnson* "physical force"); *United States v. Flores-

Cordero*, 723 F.3d 1085, 1087-88 (9th Cir. 2013) (struggling to keep from being handcuffed and

kicking an officer do not equal *Johnson* "physical force").

A number of cases have found force during robbery like that required in New Mexico third-degree robbery to be insufficient to amount to *Johnson* "physical force."  In *United States v. Hollins*, 514 F. App'x 264 (3ʳᵈ Cir. 2013), for example, the Third Circuit examined the elements of Pennsylvania robbery.  *Id.* at 267-68.  According to Pennsylvania law, for conduct to be robbery the "degree of actual force [used] is immaterial, so long as it is sufficient to separate the victim from his property in, on or about his body."  *Id.* (quoting *Commonwealth v. Brown*, 484 A. 2d 738, 741 (1984)).  That force was not enough to constitute *Johnson*'s "physical force," the Third Circuit held.  *Id.* at 268.

The force element of New Mexico third-degree robbery is essentially the same as the force element of Pennsylvania robbery.  The amount of force is immaterial.  *Martinez*, 513 P.2d at 403; NMRA UJI 14-1620, committee commentary.  It only has to be enough to overcome the "resistance of attachment," such as the force needed to snatch a pin attached to a person's clothes.  *Curley*, 939 P.2d at 1105, 1106.  Thus, *Hollins*' logic leads to the conclusion that New Mexico third-degree robbery does not have "as an element the use, attempted use, or threatened use of physical force against the person of another" under § 924(e)(2)(B)(i).

A number of other federal courts have found the force element of robbery offenses fails to meet the *Johnson* "physical force" standard for reasons similar to those the *Hollins* court expressed.  *See United States v. Bell*, ___ F. Supp. 3d ___, 2016 WL 344749, at ** 8-10 (N.D. Cal. Jan. 28, 2016) (no "physical force" element where 18 U.S.C. § 2112 only required enough force to take an item attached to a person or the person's clothes; for example: pulling a key chain and "popping" a leather loop; pushing; kicking an officer and causing a minor scuffle);

*United States v. Moncrieffe*, ___ F. Supp. 3d ___, 2016 WL 913391, at ** 16-19 (E.D.N.Y. Mar. 10, 2016) (same conclusion where New York robbery could be committed by bumping, a brief tug-of-war over property, blocking someone from pursuing the robber, trying to push the victim, or jostling); *United States v. Litzy*, ___ F. Supp. 3d ___, 2015 WL 5895199, at ** 4-5 (S.D.W. Va. Oct. 8, 2015) (same conclusion where an element of Ohio robbery is the use of fear that induces a person to part with property against the person's will and could be committed by ripping a purse from a victim's shoulder and hands, compulsion or constraint); *see also United States v. Castro-Vazquez*, 802 F.3d 28, 37-38 (1st Cir. 2015) (there is a reasonable likelihood Puerto Rico robbery, which requires the "slightest use of force," does not have a "physical force" element); *In re Sealed Case*, 548 F.3d 1085, 1090 (D.C. Cir. 2008) (D.C. robbery by force and violence requires a minimal level of force that would not satisfy § 924(e)(2)(B)(i)); *United States v. Bilal*, 610 F. App'x 569, 569-70 (6th Cir. 2015) (Ohio aggravated attempted robbery does not satisfy § 924(e)(2)(B)(i)); *United States v. Carmichael*, 408 F. App'x 769, 770 (4th Cir. 2011) (same conclusion regarding North Carolina common law robbery).

In sum, the 2010 *Johnson* decision, New Mexico and federal case law and common sense establish that Mr. Garcia's New Mexico third-degree robbery offense does not meet the criteria for the ACCA's "physical force" provision. The Tenth Circuit's opinion in *United States v. Lujan*, 9 F.3d 890 (10th Cir. 1993), does not require a different conclusion. In *Lujan*, well before the 2010 *Johnson* decision, the Tenth Circuit said the New Mexico robbery statute has an element that satisfies § 924(e)(2)(B)(i). The court dealt with the issue in one sentence, supporting its conclusion simply by quoting with italics without explanation the "use or threatened use of force or violence" language of N.M. Stat. Ann. § 30-16-2. The court did not

discuss whether New Mexico robbery required a particular level of force.  It just relied on the similarity between the language of § 30-16-2 and § 924(e)(2)(B)(i).  *Id.* at 892.

There are two reasons why *Lujan* does not govern the question whether Mr. Garcia's robbery offense comports with the "physical force" clause.  First, the *Lujan* court never addressed the issue before this court: whether New Mexico robbery requires the amount of force to which the ACCA's "physical force" clause refers.  The court merely cited § 30-16-2's words without considering if the quantity of force mattered.  *Id.*

Stare decisis ascribes precedential value only to issues that are actually decided.  *United States v. Romero*, 491 F.3d 1173, 1177 (10th Cir.).  "Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedent."  *Id.* (quotations and citations omitted).  If no party argued an issue of law in a particular case, the decision in that case does not constitute precedent with respect to that issue.  *United Food & Commercial Workers Union, Local 1564 of New Mexico v. Albertson's, Inc.*, 207 F.3d 1193, 1199 (10th Cir. 2000).

*United States v. Booker*, 543 U.S. 220 (2005), demonstrates this point.  In that case, the Supreme Court held that imposing a sentence above the maximum sentence permissible under a mandatory sentencing guideline system based on judicial findings of fact violated the Sixth Amendment.  *Id.* at 230-37.  The Court held stare decisis did not require a different conclusion, even though in a number of previous decisions it had let stand sentences that contravened its current ruling.  The Court explained that the defendants in the prior cases had not made the argument that carried the day in the instant case.  *Id.* at 239-41; *see also Brecht v. Abrahamson*, 507 U.S. 619, 631 (1993) ("[S]ince we have never squarely addressed the issue, and have at most

assumed the [harmless-error-beyond-a-reasonable-doubt standard], we are free to address the issue on the merits.").

The Tenth Circuit abides by the same principle. *See United States v. Lozado*, 776 F.3d 1119, 1126, n. 3 (10th Cir. 2015) (Tenth Circuit decisions determining declarants made statements against interest were not controlling precedent in the instant case because those decisions did not address whether the declarants were aware of the self-inculpatory nature of their statements or whether a reasonable person would have been aware); *United States v. Heineman*, 767 F.3d 970, 974 (10th Cir. 2014) (prior Tenth Circuit opinion that used a definition of true threat without an element of intent to instill fear did not establish there was no such element because that prior opinion failed to address whether that intent was a required element).

Consequently, since the *Lujan* court did not address the issue, the *Lujan* decision does not stand for the proposition that New Mexico robbery requires enough force to satisfy the ACCA's "physical force" clause.  This court is therefore not bound by *Lujan* to reach that conclusion.  *See Moncrieffe*, 2016 WL 913391, at * 18 (New York federal district court did not consider itself bound by two Second Circuit cases that found the elements of robbery satisfied § 924(e)(2)(B)(i) in part because neither case addressed the degree of force required under the relevant jurisdiction's law).

Second, a circuit decision is not binding to the extent it is inconsistent with a later Supreme Court decision.  *Heineman*, 767 F.3d at 973.  The Tenth Circuit decided *Lujan* in 1993, seventeen years before the 2010 *Johnson* decision.  As demonstrated above, under that later *Johnson* decision, which for the first time defined the term "physical force" in § 924(e)(2)(B)(i), New Mexico third-degree robbery does not require the use, attempted use or threatened use of

force of sufficient magnitude to meet the ACCA's "physical force" standard.  So, even assuming arguendo *Lujan* was ever contrary precedent in that regard, it no longer is.  *See Flores-Cordero*, 723 F.3d at 1087-88 (2010 *Johnson* case was controlling, intervening authority that superseded prior circuit precedent that an Arizona resisting-arrest offense satisfies a "physical force" clause); *Hollins*, 514 F. App'x at 267-68 (declining to follow a prior circuit holding that Pennsylvania robbery satisfies the "physical force" element requirement because the 2010 *Johnson* decision cast doubt on the prior decision).

In sum, the *Lujan* case is not an obstacle to this court holding that Mr. Garcia's third-degree robbery offense fails to satisfy the "physical force" element requirements of § 924(e)(2)(B)(i).  Since the government has waived reliance on that offense and, in any event, since that offense is not a "violent felony" under the ACCA, given the constitutionally-required absence of the residual clause, the district court's imposition of an ACCA sentence in reliance on the residual clause is a due process error the government cannot prove to be harmless.

**G.** *Mr. Garcia is entitled to a prompt resentencing to a new sentence that is no greater than ten years in prison.*

For the reasons stated above, the retroactive application of the 2015 *Johnson* decision eliminating the residual clause means Mr. Garcia has at most two convictions this court may consider as predicate convictions for eligibility under the ACCA.  Thus, the ACCA does not authorize Mr. Garcia's more-than-fifteen-year prison sentence.  18 U.S.C. § 924(e)(1) (requiring three or more convictions of "violent felonies" or "serious drug offenses" for a fifteen-year mandatory minimum sentence).  The law authorizes a  sentence for Mr. Garcia of no more than ten years of imprisonment.  18 U.S.C. § 924(a)(2).  Since Mr. Garcia is serving a sentence

considerably higher than due process and the applicable statutes allow, he is entitled to collateral relief under 28 U.S.C. § 2255.  *See Shipp*, 589 F.3d at 1091.

This court should grant Mr. Garcia immediate relief.  Oral argument in the Supreme Court *Welch* case was held on March 30, 2016.  The Court could take as long as the end of June to reach a decision on *Johnson*'s retroactivity.  Given the obviousness of *Johnson*'s retroactivity and that Mr. Garcia is already close to serving ten years in prison in light of his receipt of good time, this court should promptly grant his § 2255 motion and set a resentencing date that is in the very near future.  At the resentencing, this court must impose a sentence no greater than ten years in prison.

Counsel for the government, Assistant United States Attorney David A. Walsh, opposes this motion.

## CONCLUSION

For the reasons stated above, defendant Phillip Angel Garcia requests this court to expeditiously grant his § 2255 motion, vacate his sentence, schedule resentencing for a date that is in the very near future and impose a sentence of ten years or less in prison.

Respectfully submitted

I hereby certify that on March 30, 2016
I filed the foregoing electronically
through the CM/ECF system, which          FEDERAL PUBLIC DEFENDER
caused AUSA David A. Walsh                 111 Lomas NW, Suite 501
to be served by electronic means, as       Albuquerque, NM 87102
more fully reflected on the Notice of       (505) 346-2489
Electronic Filing.

 [Electronically Filed]_____
MICHAEL A. KEEFE
_____          Attorney for Defendant

25