IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                   No. CV 16-0240 JB/LAM
                                         CR 07-0788 JB

PHILLIP ANGEL GARCIA,

    Defendant/Movant.

**AMENDED PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**[1]

**THIS MATTER** is before the Court on United States District Judge James O. Browning's Memorandum Opinion and Order [*Doc. 23*],[2] entered September 28, 2016. In that order, Judge Browning states that in another case before him, *United States v. Barela*, Case No. CR-15-3550 JB, the Government presented an argument that is inconsistent with their concession in this case that New Mexico's robbery statute, N.M.S.A. § 30-16-2, is not a violent felony. *Compare* [*Doc. 39* at 3] in Case No. CR-15-3550 (arguing that New Mexico's robbery offense should count as a crime of violence to support an enhanced sentence under the Sentencing Guidelines), *with* [*Doc. 17*] in this case (conceding that New Mexico's robbery statute is not a

---

[1] **Within fourteen (14) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

[2] Hereinafter, all documents from Case No. CIV-16-0240 cited in this decision will be designated as "*Doc.*" followed by their docket number.

violent felony for purposes of the Armed Career Criminal Act). Judge Browning, therefore, has asked the undersigned to "produce another PFRD that ignores the [Government's] concessions and analyzes all issues [in Defendant/Movant's § 2255 motion] independently." [*Doc. 23* at 5]. Having considered the parties submissions, relevant law, and the record in this case and in Defendant/Movant's underlying criminal case contained in Case No. CR-07-0788, the undersigned recommends, for the reasons set forth below, that the claims raised in Defendant/Movant's § 2255 motion [*Doc. 1*] and Defendant/Movant's motion for expedited decision [*Doc. 8*] be **GRANTED**, and that Defendant/Movant be resentenced as soon as possible.

## Factual and Procedural Background

On April 24, 2007, Defendant/Movant ("Defendant") was indicted on the charge of possessing a firearm and ammunition after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). [*Cr.Doc. 12*].[3] On December 10, 2007, the United States Probation Office ("USPO") issued a Presentence Report ("PSR"), which found that Defendant is subject to the Armed Career Criminal Act ("ACCA") which mandates a minimum 15-year term of imprisonment, pursuant to 18 U.S.C. § 924(e). [*Doc. 11* at 4]. The USPO relied on Defendant's prior convictions for arson, residential burglary, and possession of a deadly weapon by a prisoner for this finding. *Id.* at 10. On December 12, 2007, the Government filed a document titled "*Notice of Intention to Seek Enhanced Sentence Pursuant to the Armed Career Criminal Provisions of 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4*," in which the Government "informs the defense and the Court that it will be relying upon [Defendant's] violent felony convictions [for robbery, arson, possession of a deadly weapon by a prisoner, and burglary] to animate the enhanced penalty provision[s] of 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4." [*Cr.Doc. 40* at 2].

---

[3] Hereinafter, all cited documents that were filed in Defendant's criminal case, Case No. CR-07-0788, will be designated as "*Cr.Doc.*" followed by their docket number.

On December 13, 2007, Defendant entered into a plea agreement in which he pled guilty to the charge in the indictment.  [*Cr.Doc. 41*].  On October 1, 2008, the Court sentenced Defendant to 188 months of imprisonment, and recommended that Defendant's sentence run concurrently with his state cases that were then pending in State Court (CR 2007-1206, CR 2007-1317, and DA 2007-01039).  [*Cr.Doc. 61* at 2].  In addition, the Court sentenced Defendant to a term of supervised release for three (3) years.  *Id.* at 3.

On March 30, 2016, Defendant filed a § 2255 motion in which he contends that his sentence is unconstitutional pursuant to the United States Supreme Court's recent decision in *Johnson v. United States*, 135 S.Ct. 1551 (2015) (hereinafter "*Johnson 2015*").  [*Doc. 1* at 2]. Defendant contends that his conviction for possession of a deadly weapon by a prisoner was a conviction for a violent felony under the ACCA solely on the grounds that it fits within the residual clause, which was found to be unconstitutionally vague in *Johnson 2015*.  *Id.* at 1 and 13-14.  In addition, Defendant contends that his conviction for robbery does not justify an ACCA enhancement because New Mexico's third-degree robbery statute does not require sufficient force to fall within the ACCA's "physical force" clause.  *Id.* at 17 (relying on *Johnson v. United States*, 559 U.S. 133, 140 (2010) ("hereinafter *Johnson 2010*")).  Because the ACCA enhancement requires three previous convictions for a violent felony or a serious drug offense, and Defendant "only has at most two, not three, previous convictions for 'violent felonies' that the district court relied on," Defendant contends that he is not subject to the ACCA.  *Id.* at 14.  Based on these arguments, Defendant asks the Court to vacate his sentence and resentence him to no more than the ten-year maximum sentence he would be subject to absent the ACCA finding.  *Id.* at 2 and 14.

In its response, the Government concedes that Defendant's conviction for possession of a deadly weapon by a prisoner no longer supports Defendant's ACCA eligibility.  [*Doc. 6* at 2].

Nevertheless, the Government initially contended that Defendant has four predicate violent felonies under the ACCA -- burglary, robbery, arson, and possession of a deadly weapon by a prisoner -- and that, even absent the possession of a deadly weapon by a prisoner conviction, Defendant still has three usable predicate convictions. *Id.* The Government further contended that *Johnson 2010* is not retroactive and that Defendant's robbery offense qualified as a violent felony at the time he was sentenced. *Id.* at 2-3. In addition, the USPO initially filed a sentencing review memorandum stating that Defendant's remaining convictions for robbery, burglary, and arson all meet the definition of violent felonies under ACCA, and finding that Defendant is an armed career criminal and is not eligible for a sentence reduction. [*Doc. 13*].

On August 11, 2016, the Government filed a supplemental response stating that "in another case[,] the [G]overnment has conceded that New Mexico's robbery statute is not a violent felony for purposes of the [ACCA]." [*Doc. 17*] (citing to *United States v. Sanchez*, 13-CR-961-JP, 16-CIV-659). The Government states that its "initial response in this case was filed prior to the formation of a committee designed to uniformly determine *Johnson [2015]* [§] 2255 matters," and that "the United States seeks to withdraw its argument as to non-retroactivity, as it has been learned subsequent to the filing of the initial response that the department has advised against making such procedural arguments." *Id.* On August 18, 2016, the USPO filed a revised memorandum stating that Defendant's robbery conviction is <u>not</u> a violent felony because the New Mexico robbery statute "does not require the level of force necessary to qualify [as such] under the elements clause," and that Defendant is eligible for resentencing. [*Doc. 19* at 2] (amended by *Document 22* on September 7, 2016). On the same day, based on the Government's concessions and the revised memorandum issued by the USPO, the Court issued a Proposed Findings and Recommended Disposition, finding that Defendant no longer has three predicate felonies to

support a finding that he is an armed career criminal under the ACCA, and recommending that the Court vacate Defendant's sentence and set his case for resentencing as soon as possible.  [*Doc. 20* at 4].

On September 28, 2016, Judge Browning entered a Memorandum Opinion and Order stating that, on July 26, 2016, in *United States v. Barela*, CR-15-3550 JB ("*Barela*"), the Government filed a response to the defendant's objections to the Pre-Sentence Report, in which the Government argued that New Mexico's robbery statute, N.M.S.A. § 30-16-2, is a violent felony.  [*Doc. 23* at 1].  Judge Browning states that he agreed with the Government in *Barela*, as set forth in his Memorandum Opinion and Order entered in that case on September 16, 2016.  *See* [*Doc. 44*, filed in Case No. CR-15-3550].  Judge Browning states that the Government has taken a different position in the instant case, so he asked the Government to answer four questions clarifying its position and asked the undersigned to prepare another Proposed Findings and Recommended Disposition analyzing the issues presented in Defendant's § 2255 motion absent the Government concessions.  *See* [*Doc. 23* at 4-6].

In response to Judge Browning's order, the Government explains that it filed its initial response in this case on May 16, 2016, and that "[t]hereafter, the United States Attorney's Office formed a committee in effort to uniformly respond to the substantial number of § 2255 motions that were being filed."  [*Doc. 28* at 1].  The Government states that it responded to the defendant's objection in *Barela* on July 27, 2016, which was prior to the aforementioned committee's determination that New Mexico's robbery offense at N.M.S.A. § 30-16-2 no longer qualifies as a violent felony pursuant to the holding in *Johnson 2010*.  *Id.* at 1 (stating, "The United States declared its position [regarding New Mexico's robbery offense] in its filing of August 5, 2016 in the case of *United States v. Sanchez*, 13-CR-961, 16-CV-659.").  On

August 11, 2016, the Government filed its notice of concession in this case, "which aligned the government's position in the instant case to that in *Sanchez*." *Id.* at 1-2.  The Government explains that, regardless of the new position taken by the Government in this case, the Government's position in *Barela* related to whether New Mexico's robbery statute constitutes a crime of violence under the Sentencing Guidelines, not under the ACCA.  *Id.* at 2 (explaining that "*Barela* was not an ACCA case," and that "[t]he Court's determination, rather, hinged on the *sentencing guidelines* listing robbery as an enumerated offense") (emphasis added).  The Government maintains that, pursuant to the holding in *Johnson 2010*, a conviction under New Mexico's robbery statute does not qualify as a violent felony for ACCA purposes (*id.*), but the Government "nonetheless, continues to agree with the Court that New Mexico's robbery offense should count as a crime of violence under the sentencing guidelines based on the distinguishable grounds that it is an enumerated offense in the commentary," (*id.* at 3), citing, *inter alia,* to the Court's citation to *United States v. Madrid*, 805 F.3d 1204, 1207 (10th Cir. 2015).

In answer to Judge Browning's specific questions, the Government provided the following answers: (1) the Government will defend on appeal the Court's procedure to use the predicate convictions that Judge Conway and the USPO, at the time of sentencing, did not use, but will also stand by its concession that Defendant's prior conviction for robbery is not a violent felony for purposes of the ACCA; (2) the Government's position is that the holding of *Johnson I* is retroactive, and would maintain this position on appeal; (3) the Government's position is that New Mexico's robbery statute does not require *Johnson 2010*-level force, and would maintain this position on appeal; and (4) the Government's position is that New Mexico's robbery statute is not a violent felony under the ACCA in light of *Johnson 2010*, which was issued after the Tenth

6

Circuit's decision in *United States v. Lujan*, 9 F.3d 890 (10th Cir. 1993), and would maintain this position on appeal.   [*Doc. 29* at 2-3].

In light of the factual and procedural background discussed above, and pursuant to Judge Browning's Order [*Doc. 23*], the Court makes the following findings regarding Defendant's contentions in his § 2255 motion, notwithstanding the Government's concessions.

## Discussion

### 1. Defendant's Prior Conviction for Possession of a Deadly Weapon by a Prisoner

Under the ACCA, an individual who violates § 922 (g) (*e.g.*, being a felon in possession of a firearm or ammunition), and who has "three previous convictions . . . for a violent felony or a serious drug offense," will receive a mandatory, minimum 15-year sentence.   18 U.S.C. § 924(e). The statute defines the term "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
>
> (i)   has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)   is burglary, arson, or extortion, involves use of explosive, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B)(i)-(ii) (emphasis added).   The emphasized clause is referred to as the "residual clause," and in *Johnson 2015* the Supreme Court held that the residual clause "denies fair notice to defendants and invites arbitrary enforcement by judges," and, therefore, violates the due process clause of the Constitution.   *Johnson 2015*, 135 S.Ct. at 2557.

Defendant contends that his conviction for possession of a deadly weapon by a prisoner can no longer be used as a conviction for a violent felony under the ACCA because that conviction

falls within the residual clause, which was found to be unconstitutionally vague in *Johnson 2015*. [*Doc. 1* at 1 and 12-15].[4] The Court agrees. In addition, Defendant's conviction for possession of a deadly weapon by a prisoner does not fall under § 924(e)(2)(B)(i), or the "force clause," because it does not have "as an element the use, attempted use, or threatened use of physical force against the person of another," and is not one of the enumerated offenses in § 924(e)(2)(B)(ii). Therefore, pursuant to the holding in *Johnson 2015*, this conviction can no longer be used to support a finding that Defendant is an armed career criminal.

### 2. *Defendant's Prior Conviction for Robbery*

Even without Defendant's conviction for possession of a deadly weapon by a prisoner, Defendant may still be subject to the ACCA based on his prior convictions for arson, burglary, and robbery. Defendant, however, contends that his conviction for robbery cannot be used as a predicate offense under any non-residual clause ACCA provision because the sentencing court did not consider the conviction as a predicate conviction at Defendant's sentencing. [*Doc. 1* at 16]. In the alternative, Defendant contends that this conviction cannot be used because a conviction under New Mexico's robbery statute does not qualify under the ACCA force clause pursuant to the Supreme Court's holding in *Johnson 2010*. *Id.* at 16-24.

#### a. *The Sentencing Court's Consideration of Defendant's Robbery Conviction*

Defendant first contends that his robbery conviction cannot now be used as an ACCA-qualifying conviction because the sentencing court did not rely on that conviction in sentencing him. *Id.* at 16. Defendant notes that the PSR found that Defendant was subject to the ACCA based on his convictions for arson, residential burglary, and possession of a deadly weapon

---

[4] Since the Supreme Court in *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016) held that the decision in *Johnson 2015* applies retroactively, the Court declines to address Defendant's contentions regarding this issue. *See* [*Doc. 1* at 5-11].

by a prisoner, and did not include his conviction for robbery as a basis for the ACCA finding. *See id.* at 16 and [*Doc. 11* at 10, ¶ 24]. Even though the Government filed a notice claiming that Defendant had four convictions for violent felonies, including the robbery conviction, Defendant contends that the Court never adopted the Government's claims and that the Government did not object to the PSR's ACCA finding or the sentencing court's decision to adopt that finding. *See* [*Doc 1* at 16] (citing *Cr.Doc. 40* - the Government's notice of intention to seek enhanced sentence, and *Cr.Doc. 70* at 5 - transcript of sentencing hearing). Instead, Defendant contends that the Court adopted the presentence report's finding that Defendant was subject to the ACCA based on his convictions for arson, residential burglary, and possession with a deadly weapon, and which did not include his conviction for robbery as a basis for the ACCA finding. *See* [*Doc. 1* at 16] (citing *Cr.Doc. 70* at 5).

At the outset, the Court finds that it is not clear that the sentencing court did not rely on Defendant's robbery conviction in its decision to apply the ACCA enhancement. While Defendant is correct that the PSR does not include his conviction for robbery as one of the three convictions used to trigger the ACCA enhancement (*see Doc. 11* at 10, ¶ 24), the PSR does include this conviction in Defendant's criminal history (*see id.* at 13, ¶ 30). At sentencing, the Court stated that it reviewed the PSR's factual finding that Defendant is an armed career criminal, but it further noted that Defendant was "a six-time convicted felon." [*Cr.Doc. 70* at 5-6]. In addition, both the Government's notice of intention to seek an enhanced sentence pursuant to ACCA, in which it included the robbery offense as one of the qualifying prior convictions (*see Cr.Doc. 40* at 1), and the plea agreement in which Defendant admitted that he had previously been convicted of robbery (*see Cr.Doc. 41* at 4-5), put Defendant on notice that the robbery conviction could be used to enhance his sentence.

9

Nevertheless, if the sentencing court did not rely on Defendant's robbery conviction for the ACCA enhancement, then Defendant's sentence must be vacated because his prior conviction for possession of a weapon by a prisoner is no longer valid as an ACCA-enhancing conviction. Defendant, therefore, must be resentenced, at which point the Court can rely on Defendant's robbery conviction. Defendant cites to no authority that says that a Court must discuss *all* of a defendant's prior convictions for an ACCA enhancement, instead of just the required three, or that if a Court fails to do so, it may not use those prior convictions at resentencing. Defendant relies on the case *McCarthan v. Warden, FCI Estill*, 811 F.3d 1237, 1250, n.8 (11th Cir. 2016) to support his contention that his robbery conviction cannot now be used as a predicate offense under the ACCA because the government failed to object to the sentencing court's decision to rely on convictions other than the robbery conviction for the ACCA enhancement. *See* [*Doc. 1* at 16]. In *McCarthan*, the criminal history section of the defendant's PSR listed five prior felony convictions, but the probation officer did not specify which of these convictions qualified the defendant for the ACCA enhancement. *See* 811 F.3d at 1242. Before his sentencing hearing, the defendant objected to the PSR, arguing that his 1992 conviction for escape was not a violent felony for purposes of the ACCA, and the government did not object to the PSR. *Id.* The probation officer modified the PSR to explain why the escape conviction constituted a crime of violence, and, at sentencing, the court adopted the facts in the PSR and imposed an ACCA enhancement without specifying which of the defendant's prior convictions qualified him for the enhancement. *Id.* at 1242-43. Several years later, the Supreme Court issued a decision holding that some forms of escape do not qualify as violent felonies under the ACCA, and the defendant filed a § 2241 motion challenging his sentence because it was based on using his escape conviction to enhance

10

his sentence.  *Id.* at 1243.  The government contended that, even without the escape conviction, the defendant had four other valid predicate convictions for purposes of the ACCA.  *Id.*

The Eleventh Circuit considered whether it had jurisdiction to consider the defendant's § 2241 habeas petition pursuant to the "savings clause" contained in § 2255(e) which allows a court to consider a federal prisoner's § 2241 habeas petition in limited circumstances where the prisoner demonstrates that the remedy in § 2255 is inadequate or ineffective.  *See* 811 F.3d at 1243-44.  The Eleventh Circuit discussed whether the defendant met the savings clause by following the five-part test set forth in *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1274 (11th Cir. 2013), and explained that "[t]he purpose of this test is to prevent [the Court] from entertaining § 2241 petitions by federal prisoners who could have at least theoretically successfully challenged an ACCA enhancement in an earlier proceeding -- that is, to ensure that no other aspect of § 2255 could have been adequate or effective to test the legality of his detention." 811 F.3d at 1245 (citation and internal quotation marks and brackets omitted).  The fourth step of the *Bryant* test asks whether, as a result of a new Supreme Court rule that was found to be retroactive, the defendant's current sentence exceeds the 10-year maximum authorized by Congress in § 924(a).  In *McCarthan*, the Eleventh Circuit looked at the defendant's other predicate convictions to see if, absent the now-invalid conviction, he only has two or fewer convictions supporting his ACCA enhancement.  *Id.* at 1250.  The Eleventh Circuit explained that these "[p]redicate convictions include (1) a petitioner's prior convictions that the sentencing court relied upon in imposing the petitioner's ACCA enhancement; and (2) convictions that the government argued should count as ACCA predicate convictions and for which the government properly preserved an objection to the sentencing court's failure to identify them as such."  *Id.* at 1250, n.8.  The Eleventh Circuit stated that "[t]he government bears the burden of objecting to

11

a district court's decision not to rely on certain of a defendant's ACCA-qualifying convictions at sentencing to impose an ACCA enhancement," and that failure to do so constitutes waiver of "any argument that a sentencing court's imposition of an ACCA enhancement is justified on the basis of an ACCA-qualifying conviction that the district court could have, but did not, rely on at sentencing." *Id.* at 1250, n.8.

Defendant contends that, pursuant to the reasoning in *McCarthan*, his robbery conviction cannot be used to support an ACCA enhancement because the Government failed to object to the sentencing court's decision not to use that conviction for his ACCA enhancement. The Court rejects this contention for two reasons. First, as stated above, it is not clear that the sentencing court in Defendant's underlying criminal case did *not* consider Defendant's robbery conviction when it sentenced Defendant. In *McCarthan*, the Eleventh Circuit found that the identification of Defendant's predicate convictions in the PSR was sufficient to support an ACCA enhancement, even though neither the PSR nor the sentencing court identified which of the prior convictions were being used to support that enhancement. *See* 811 F.3d at 1253-1254 (stating that "[defendant] did not object to the PSR's failure to identify which of his prior convictions justified an ACCA enhancement[,] [n]or did [defendant] object to the sentencing court's adoption of the PSR, or its failure to identify specific prior convictions in support of its imposition of an ACCA enhancement[;] [o]n these facts, [defendant] forfeited any objection to the sentencing court's failure to identify the specific convictions supporting his ACCA enhancement[;] [w]e must, therefore, assume that the district court relied on all of [defendant's] ACCA-qualifying convictions in imposing [defendant's] ACCA enhancement"). In this case, Defendant's PSR identifies which convictions were used for the probation officer's ACCA finding, but does not specifically include the robbery conviction as one of those convictions. The PSR does, however,

12

include it in the list of Defendant's prior convictions in the criminal history section. In addition, the sentencing court noted that Defendant had six prior convictions, and the Government had filed a notice to seek an enhanced sentence under ACCA which included Defendant's robbery conviction. Defendant here, as the defendant in *McCarthan*, failed to object to the PSR's failure to list robbery as a qualifying ACCA conviction, failed to object to the sentencing court's adoption of the PSR, or its failure to identify robbery specifically in support of its imposition of an ACCA enhancement, and, thus, Defendant "forfeited any objection to the sentencing court's failure to identify the specific convictions supporting his ACCA enhancement." *Id.* Therefore, the Court finds that the facts in *McCarthan* supports an assumption that the sentencing court here relied on all of Defendant's ACCA-qualifying convictions in imposing his ACCA enhancement.

Second, even if the statements in *McCarthan* can be used to support Defendant's contention, this case is not binding precedent on this Court, and, regardless, has since been vacated by the Eleventh Circuit for rehearing *en banc*. *See McCarthan v. Warden, FCI Estill*, No. 12-14989, 2016 WL 3878151 (11th Cir. May 24, 2016) (unpublished). Therefore, the Court finds that *McCarthan* does not support a finding that Defendant's robbery conviction cannot be used to enhance his sentence under ACCA. Again, both the sentencing court and Defendant had ample notice that this conviction may be used to support an ACCA enhancement, and Defendant could have objected to its inclusion in both the PSR's criminal history section and to the Government's notice it was relying on it for the ACCA enhancement, but Defendant failed to do so. Moreover, the Court has already found that, even if the robbery conviction was not relied on by the sentencing court, the Court may rely on it upon resentencing. Therefore, the Court recommends that this contention be **denied**.

### b. Is Defendant's Robbery Conviction a "Violent Felony" After Johnson I?

In the alternative, Defendant contends that his robbery conviction cannot be used to support an ACCA enhancement because it does not satisfy the criteria for either of the non-residual clause categories of violent felony under the ACCA. *Id.* at 16-24. The Court agrees that Defendant's robbery conviction is not one of the enumerated offenses (burglary, arson, or extortion). *See* 924(e)(2)(B)(ii). Therefore, the Court will consider whether the conviction satisfies the ACCA's force clause elements.

The ACCA's force clause states that a prior conviction is a "violent felony" if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i). To determine whether a conviction qualifies under the ACCA, the court will ordinarily apply what is called the categorical approach, which looks only at the elements of the statute under which the defendant was convicted. *See Johnson 2015*, 135 S.Ct. at 2557. However, in cases where a particular offense contains multiple elements listed in the alternative, a sentencing court may employ a modified categorical approach and examine a limited set of materials, including the terms of the charging document, to determine which alternative elements formed the basis of the defendant's conviction. *See United States v. Mitchell*, No. 15-7076, 2016 WL 3569764, at *3 (10th Cir. June 29, 2016). Here, New Mexico's robbery statute states: "Robbery consists of the theft of anything of value from the person of another or from the immediate control of another, by use or threatened use of force or violence." N.M.S.A. § 30-16-2. This offense does not contain multiple elements listed in the alternative, so the Court will apply the categorical approach and look only to the statutory definition of the offenses, and not to the particular facts underlying Defendant's conviction, to determine whether it is a violent

14

felony under the ACCA.  *See, e.g., United States v. Lujan*, 9 F.3d 890, 891-92 (10th Cir. 1993) (applying the categorical approach to New Mexico's robbery statute).

In *Lujan*, the Tenth Circuit held that New Mexico's robbery statute fit within the ACCA's force clause (*see* 9 F.3d at 892); however, the Supreme Court in *Johnson 2010* clarified that the term "physical force" in § 924(e)(2)(B)(i) must be "strong physical force," "a substantial degree of force," or "*violent* force -- that is, force capable of causing physical pain or injury to another person." 559 U.S. at 140 (emphasis in original).  In *Johnson 2010*, the Supreme Court found that Florida's battery statute, which only required intentional physical contact, no matter how slight, did not constitute "physical force" under § 924(e)(2)(B)(i).  *Id.* at 145.  Because New Mexico's robbery statute does not require "strong physical force," "a substantial degree of force," or "*violent* force -- that is, force capable of causing physical pain or injury to another person," the Court finds that it, like Florida's battery statute, does not constitute "physical force" under § 924(e)(2)(B)(i).  The Court, therefore, would recommend denying the Government's argument to the contrary (*see Doc. 6* at 3-5) if it had not later been conceded by the Government (*see Doc. 17*).

Having found that New Mexico's robbery statute can no longer be used to support an ACCA enhancement under the force clause, the Court next turns to the Government's initial contention that *Johnson 2010* does not apply retroactively and, therefore, the Court must look at the law at the time of Defendant's sentencing.  *See* [*Doc. 6* at 2-3]; *but see* [*Doc 17*] (wherein the Government asks to withdraw this argument "as it has been learned subsequent to the filing of the initial response [*Document 6*] that the department has advised against making such procedural arguments").  Even though *Johnson 2010* was decided after Defendant was originally sentenced, the Court finds that the holding of this case should, nevertheless, be applied to Defendant's case.

While neither the Tenth Circuit nor the Supreme Court have held that *Johnson 2010* should apply retroactively, the Court does not agree with the Government that this is the correct question. Instead, because it is not clear whether the sentencing court relied on Defendant's robbery conviction or, if it did, whether the sentencing court found that it qualified under the force or residual clauses of the ACCA, Defendant is entitled to rely on the holding of *Johnson 2015* for his convictions for possession of a weapon by a prisoner and for robbery. Therefore, pursuant to *Johnson 2015*, which is clearly retroactively applicable to this case, Defendant has successfully demonstrated constitutional error as to his sentence and is entitled to resentencing. *See* 28 U.S.C. § 2255(a) (providing that a prisoner whose sentence was imposed in violation of the Constitution of laws of the United States is entitled to have his sentenced vacated, set aside, or corrected). The Court notes that the courts in both *United States v. Ladwig*, No. 2:03-CR-00232-RHW, 2016 WL 3619640, at *3 (E.D. Wash. June 28, 2016) (unpublished) and *Diaz v. United States*, No. 1:16-cv-0323-MAT, 1:11-cr-0381-MAT, 2016 WL 4524785, at *5 (W.D. N.Y August 30, 2016) (unpublished), reasoned that, where it was not clear upon what portion of the ACCA's violent felony definition the sentencing courts relied, the defendants made a sufficient showing of constitutional error by showing that the Court *might* have relied on the residual clause for the ACCA enhancement. As explained in *Diaz*, prior to *Johnson 2015*, the defendant "had no viable challenge to his predicate robbery convictions because, even if he could have established that robbery in New York did not qualify under the ACCA's force clause, his prior convictions for third-degree robbery and attempted second-degree robbery likely would have qualified under the residual clause." 2016 WL 4524785, at *5. The same reasoning applies here, and the Court, therefore, finds that Defendant's sentence must be vacated and the relevant question becomes

16

whether the Court must apply the holding of *Johnson 2010* at the time of Defendant's resentencing.

The Tenth Circuit has held that courts shall apply current sentencing law at the time of resentencing, absent an *ex post facto* violation in which Defendant would be disadvantaged by application of the new law. *See United States v. Ziegler*, 39 F.3d 1058, 1063-64, n.2 (10th Cir. 1994); and *United States v. Vogt*, 106 F.3d 414, at *4 (10th Cir. 1997) (unpublished).[5] While *Johnson 2010* did not involve the Sentencing Guidelines, the Court finds that the rationale behind this rule nevertheless applies. As explained in *Ziegler*, when the Tenth Circuit remands a case for resentencing, the district court shall apply the Sentencing Guidelines in effect at the time of resentencing; however, if the Tenth Circuit were to remand to request an explanation of the district court's reasons for imposing a sentence, the district court would apply the Sentencing Guidelines in effect at the time of initial sentencing. *See* 39 F.3d at 1064, n.2. This is because, "when a sentence is ordered vacated and the matter is remanded for resentencing, the defendant reappears before the court with a clean slate, being placed in the same position as if he had never been sentenced." *Id.* at 1064, n.2 (citation and internal quotation marks, brackets, and ellipses omitted). The Court finds that this case is analogous to such a situation because Defendant's sentence must be vacated and he must be resentenced.

In addition, the Court agrees with the court's statement in *Diaz*, 2016 WL 4524785, at *5, that "both Supreme Court and Second Circuit precedent support the proposition that a court can and should apply current case law when determining whether a constitutional error was harmless or prejudicial in the habeas context." *Id.* (citing *Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993) and *Mosby v. Senkowski*, 470 F.3d 515, 524 (2nd. Cir. 2006), which held that courts should

---

[5] The *Ex Post Facto* clause of Article I, section 9, of the Constitution is violated when sentencing law is applied to events occurring before the law was enacted, and doing so disadvantages the defendant. *See Vogt*, 106 F.3d at *4, and *Ziegler*, 39 F.3d at 1064.

17

apply current law in considering a § 2255 claim based on the prejudice prong of an ineffective assistance of counsel claim).  The Court further agrees with the *Ladwig* court that "considerations of public policy weigh strongly in favor of applying current law," and that "[a]n inquiry that requires judges to ignore intervening decisions that, to some degree, clear the mire of decisional law [created by *Johnson 2015*] seems to beg courts to reach inconsistent results." 2016 WL 3619640, at *5.  "Attempting to recreate the legal landscape at the time of a defendant's conviction is difficult enough on its own.  But in the context of *Johnson* claims, the inquiry is made more difficult by the complicated nature of the legal issues involved."  *Id.* (further stating that "[t]his area of the law has accurately been described as a 'hopeless tangle,' and has stymied law clerks and judges alike in a morass of inconsistent case law") (citation omitted).  Here, Defendant had no viable challenge to his robbery conviction after the decision in *Johnson 2010* was issued, because Defendant's predicate convictions for possession of a deadly weapon by a prisoner and robbery would still have been viable under the residual clause as his third ACCA conviction.  For these reasons, the Court finds that *Johnson 2010* should be applied to Defendant's case upon resentencing.

### c. *Defendant's Robbery Conviction and Application of the Sentencing Guidelines*

Finally, the Court will address whether, at resentencing, Defendant's robbery conviction can be used to find that he is a career offender under the Sentencing Guidelines.  While this issue was not raised by either party in this case, Judge Browning's order for additional briefing and an amended Proposed Findings and Recommended Disposition was based on the Government's arguments in *Barela* regarding whether New Mexico's robbery offense is a violent felony under the Sentencing Guidelines, and he has asked the undersigned to discuss this issue.  First, defendant is subject to a maximum of ten (10) years imprisonment for his conviction under

18

§ 922(g), pursuant to 18 U.S.C. § 924(a)(2). Since it appears that Defendant has already served beyond the equivalent of a ten-year prison term with the inclusion of good time credit (*see, e.g., Doc. 22* at 2), the Court may not need to consider Defendant's robbery offense with regard to the Sentencing Guidelines. Nevertheless, under the "career offender" provision of the Sentencing Guidelines, a defendant must have two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a). Here, Defendant's prior convictions for arson and robbery are "crimes of violence" under the Sentencing Guidelines because they are listed as enumerated offenses under § 4B1.2(a)(2).[6] Therefore, to the extent the Sentencing Guidelines will apply at Defendant's resentencing, his robbery offense can be used under § 4B1.1(a) as a prior felony conviction of a crime of violence.

## Conclusion

For the reasons stated above, the Court finds that Defendant no longer has three predicate felonies with which to form the basis for an ACCA enhancement, and again recommends that Defendant's sentence be vacated and he be resentenced as soon as possible. While Judge Browning has asked to Court to consider Defendant's § 2255 motion absent the Government's concessions that Defendant is no longer eligible for an ACCA-enhanced sentence, which the Court did, the Court notes that the Government has made similar concessions in several cases in this district. *See United States v. Lamb*, 10-CR-1713, 16-CIV-627; *United States v. Tafoya*, 10-CR-3460, 16-CIV-647; and *United States v. Sanchez*, 13-CR-961, 16-CIV-659. Because

---

[6] The Court notes that, on August 1, 2016, § 4B1.2(a)(2) was revised and robbery was added as an enumerated offense, whereas prior to that date it was listed as an enumerated crime of violence in the accompanying commentary. In *Barela*, Judge Browning found that New Mexico's robbery offense is a crime of violence under the Sentencing Guidelines, in part relying on its inclusion as an enumerated offense in the Guidelines' commentary. *See* No. CR-15-3550 [*Doc. 44* at 1-5]. However, the Government in *Barela* argued that New Mexico's robbery offense was not a crime of violence because it is distinguishable from the Florida battery statute in *Johnson 2010* (*see* No. CR-15-3550 *Doc. 39*), and thus set forth an argument at odds with its position in this case. Nevertheless, robbery's inclusion as an enumerated offense first in the commentary and now in the text of the Sentencing Guidelines highlights that this offense is treated differently in Sentencing Guidelines cases than it is in ACCA cases.

Defendant's resentencing has been delayed, the Court recommends granting Defendant's motion for expedited decision [*Doc. 8*]. The parties may further expedite this case by waiving their objections to the Proposed Findings and Recommended Disposition by filing a notice with the Court.

**IT IS HEREBY RECOMMENDED**, for the reasons stated above and for the reasons in the initial Proposed Findings and Recommended Disposition [*Doc. 20*], that Defendant's § 2255 motion [*Doc. 1*] and motion for expedited decision [*Doc. 8*] be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the Court **VACATE** Defendant's sentence, **ORDER** an updated sentencing memorandum, and set this case for resentencing as soon as possible.

*Lourdes a. Martinez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**